## SLATER v. UNITED STATES.

### No. 9738.

Circuit Court of Appeals, Fifth Circuit.

Aug. 2, 1941.

Reuben A. Garland, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and Jas. T. Manning and Pierre Howard, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, Sammy Slater, was convicted on an indictment which, with appropriate allegations as to knowledge and intent, charged him with forging, uttering and passing as true a forged writing, a check drawn upon the Treasurer of the United States, payable to Ruby W. Norris, in the sum of $30.55, and with aiding and abetting one Workman or Howard in passing, uttering and publishing the said check with the forged endorsement of Ruby W. Norris, the payee, in violation of Section 29 Criminal Code, 18 U.S.C.A. § 73.

The only error assigned is that the evidence is not sufficient to support the conviction. As to this it is argued the evidence was entirely circumstantial and did not exclude every reasonable hypothesis except that of guilt.

Briefly stated, the material evidence was as follows: On April 3, 1940, appellant went to the liquor store of Marcus Jacobs in Atlanta with another man, who was unknown to Jacobs, who purchased liquor to the extent of $1.25 and asked Jacobs to cash a check payable to Ruby W. Norris. This man exhibited an identification card bearing the name of Rube Norris. Appellant introduced the man to Jacobs as Rube Norris, highly recommended him, and said the check had been erroneously made to Ruby W. Norris. The unknown man endorsed the check. Jacobs accepted it, gave Norris $19.55 and gave appellant, Slater, the balance of about $11, the next day. Ruby W. Norris testified that the check was intended for her but she never received it and did not authorize anyone else to endorse it for her; that she was later paid the amount of the check and did not lose anything on the transaction. Slater took the stand in his own defense and testified that he met Rube Norris in Miami, Florida, and did not know his name other than Rube Norris; that they gambled at cards and he told Slater his name was Norris and he believed him to be Norris; that he introduced him to Jacobs. In rebuttal, Meyerhardt, U. S. Commissioner, testified that Slater made an unsworn statement in the commitment hearing in the case and said that he had met the party introduced to Jacobs in Miami; that this man owed him $12 on a gambling debt; that the first time he met him in Miami he was going under the name of Roy Thomas Howard or Thomas Roy Howard, he was not sure which; that the week after Slater met him in Florida he again met him in Atlanta, at which time he was still using the name of Howard; that Slater did not mention the name of Rube Norris or any other name by which he had known the man Howard. Townes, postoffice inspector, testified he had arrested Slater in Atlanta and in the early part of his examination, Slater stated the party who accompanied him to Jacobs' store was known to him as Rube Norris but on further examination he stated he had known this party in Florida by the name of Workman and gave certain information as to Federal violations by Workman, which were later corroborated.

There is no doubt that Slater aided and abetted Howard or Workman, or whatever his name was, to falsely utter, publish and pass as true the check with the forged endorsement of Ruby W. Norris and that he acquired about $11 of the proceeds for himself. Whether appellant knew the man

he introduced to Jacobs only as Rube Norris or as Workman or as Howard and his intent in introducing him to Jacobs as Rube Norris were questions for the jury. The evidence was not at all circumstantial and was sufficient to sustain the conviction.

The judgment is affirmed.